BELL ᴇᴛ ᴀʟ. *v.* STATE

[No. 91, September Term, 1961.]

*Decided January 9, 1962.*

The cause was argued before BRUNE, C. J., and HENDERSON, PRESCOTT, HORNEY and MARBURY, JJ.

*Juanita Jackson Mitchell* and *Tucker R. Dearing,* with whom were *Thurgood Marshall* and *Jack Greenberg* on the brief, for the appellants.

*Lawrence F. Rodowsky, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, Saul A. Harris, State's Attorney for Baltimore City,* and *James W. Murphy, Assistant State's Attorney,* on the brief, for the appellee.

HENDERSON, J., delivered the opinion of the Court.

These appeals are from $10.00 fines imposed, but suspended, after convictions in the Criminal Court of Baltimore for trespassing on the privately owned premises of Hooper's Restaurant. The appellants entered the premises in protest against the restaurant owner's policy of not serving Negroes and refused to leave when asked to do so. In fact, they occupied seats at various tables and refused to relinquish them unless and until they were served. The manager thereupon summoned the police and swore out warrants for the arrest of the "sit-

in" demonstrators. They elected not to be tried by the magistrate and were subsequently indicted and tried.

The appellants contend that the State may not use its judicial process to enforce the racially discriminatory practices of a private owner, once that owner has opened his property to the general public, and that the Maryland Criminal Trespass Statute, although constitutional on its face, has been unconstitutionally applied. Apparently the appellants would concede that the owner could have physically and forcibly ejected them, but deny that he could constitutionally invoke the orderly process of the law to accomplish that end.

We find it unnecessary to dwell on these contentions at length, because the same arguments were fully considered and rejected by this Court in two recent cases, *Drews v. State,* 224 Md. 186, and *Griffin & Greene v. State,* 225 Md. 422. We expressly held in the *Griffin* case, contrary to the arguments now advanced, that demonstrators are not within the exception in the Maryland Trespass Statute, Code (1957), Art. 27, sec. 577, relating to "a bona fide claim of right or ownership", and that the statutory references to "entry upon or crossing over", cover the case of remaining upon land after notice to leave.

We have carefully considered the latest Supreme Court case on the subject, *Garner v. Louisiana,* 368 U. S. 157, 30 L. W. 4070, decided December 11, 1961. There, convictions of "sit-in" demonstrators for disturbing the peace were reversed on the ground that the convictions were devoid of evidentiary support. Chief Justice Warren, for a majority of the Court, found it unnecessary to consider contentions based on broader constitutional grounds. In the absence of further light upon the subject, we adhere to the views expressed in the *Griffin* case.

The appellants further contend, however, that the Maryland Statute, as applied, denies to them the freedom of speech guaranteed under the First and Fourteenth Amendments to the United States Constitution. They argue that their action in remaining on the premises amounted, in effect, to a verbal or symbolic protest against the discriminatory practice of the proprietor. They rely heavily upon *Marsh v. Alabama,* 326 U. S. 501. In that case a distributor of religious literature on the

sidewalk of a "company town" was prosecuted and convicted of trespass when he declined to leave or desist. The conviction was reversed on First Amendment grounds, despite the finding of the State court that the sidewalk had never been dedicated to public use. Cf. *Tucker v. Texas*, 326 U. S. 517, involving a village owned by the United States. But it would appear that the rule of the *Marsh* case had not been extended to the interiors of privately owned buildings, even those of a *quasi*-public character. See *Watchtower Bible & T. Soc. v. Metropolitan Life Ins. Co.*, 79 N. E. 2d 433 (N. Y.); cert. den. 335 U. S. 886; rehearing den. 335 U. S. 912; *Hall v. Commonwealth*, 49 S. E. 2d 369 (Va.); appeal dism. 335 U. S. 875; and *Breard v. Alexandria*, 341 U. S. 622. On principle, we think the right to speak freely and to make public protest does not import a right to invade or remain upon the property of private citizens, so long as private citizens retain the right to choose their guests or customers. We construe the *Marsh* case, *supra*, as going no further than to say that the public has the same rights of discussion on the sidewalks of company towns as it has on the sidewalks of municipalities. That is a far cry from the alleged right to engage in a "sit-in" demonstration.

*Judgments affirmed, with costs.*